EX PARTE JACK RENTSCHELER.

No. 25011. November 1, 1950.

No attorney for relator of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Jack Rentscheler instituted proceedings by filing petition for writ of habeas corpus in the district court of Walker County. Judge Max M. Rogers, of that court, had a hearing, granted the writ and made it returnable to the court of criminal appeals, with the evidence which he had heard.

Testifying in his own behalf Rentscheler said that he was serving combined sentences of thirty-five years upon his conviction in Robertson County. It is his contention that because he was made a trusty on August 5, 1941, and served as such receiving twenty-five days a month overtime until the 10th of March, 1943, when he was granted an Out-of-State Conditional Pardon, that he was entitled to the twenty-five days a month overtime until August 7, 1946, when this conditional pardon was revoked. He was then returned to the "Walls" in Huntsville and was not put on any particular job, but was simply in the "line." He had not been made a trusty since his return but it is his contention and he bases his application on the claimed status that he is now, and has been all this time, a state approved trusty and entitled to the twenty-five days a month overtime that he was receiving up to the time of his conditional pardon. He went to the State of California, got in trouble in 1945, and served a one year jail sentence there. At the expiration of that sentence he was confronted with a hold order and brought back to the penitentiary of Texas. He now claims three years, five months and twenty-three days credit earned on the basis above stated while out on the conditional pardon, including the time spent in jail.

We quote with approval from the state's brief as follows: "There is no merit to relator's application for the writ of habeas corpus, and same should be denied. Reference to the statement of fact shows that relator was sentenced to serve a total of 35 years because of his conviction of three burglaries and of one burglary of a private residence at night. This sentence was to begin 7-27-32 and he now has, counting his good time earned, a credit of 21 years, 10 months, and 11 days on his 35 years time, which would not make him eligible for discharge until 6-29-58.

"It appears that in 1943 relator was a trusty receiving 25

days a month credit for overtime. While in such status he was granted a conditional pardon. On August 7, 1946, the Governor of Texas revoked said conditional pardon. * * * * * This conditional pardon constituted a contract between the State and the relator. It plainly provided that the relator should receive credit on his original sentence for the time spent at large under the conditional pardon only upon condition that he should faithfully perform and fulfill the conditions of the pardon and fully comply with the same and with the laws of the State of Texas and of the United States and the regulations and requirements of the Parole Board. It further provided that if he is guilty at any time of any misconduct or violation of the law or fails to comply in any way with the terms of the conditional pardon or if for any other reason deemed by the Governor sufficient the conditional pardon shall be subject to revocation at the Governor's discretion, and that upon the revocation by the Governor the conditional pardon should become null and void and of no force and effect whatever. It further provided that in the event of the revocation the relator should be returned and confined in the penitentiary to serve the sentence originally imposed on him, or so much thereof as had not been served. This conditional pardon specifically provided that in the event of its revocation the relator should not be credited on his sentence with any of the time while he was at large.

"Appellant makes a claim in his petition for habeas corpus that at the time he received the conditional pardon he was a state-approved trusty and was entitled to 25 days a month overtime, that he was entitled to have credit for the time, including overtime, while he was out on the conditional pardon. This contention is untenable in view of the Acts of the Legislature of Texas of 1943 and 1945."

The relief prayed for is denied and relator is remanded to the custody of the state penitentiary.